**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Blues To You Inc. | ) | |
| Dba Wilbert's | ) | CASE NO. |
| 439 Girard Dr. | ) | |
| Berea, Ohio 44017 | ) | |
| | ) | |
| | ) | JUDGE |
| Plaintiff, | ) | |
| | ) | |
| | ) | COMPLAINT FOR BREACH OF |
| v. | ) | CONTRACT; BREACH OF THE |
| | ) | IMPLIED COVENANT OF GOOD |
| **AUTO-OWNERS INSURANCE** | ) | FAITH AND FAIR DEALING; |
| P.O. Box 30660 | ) | BAD FAITH; PUNITIVE |
| Lansing, Michigan 48909-8160 | ) | DAMAGES |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMAND |

NOW COMES the Plaintiff, BLUES TO YOU INC., dba WILBERTS, by and through undersigned counsel, and for its Complaint against the Defendant, does hereby allege the following:

**THE PARTIES**

1. The Plaintiff Blues To You, Inc. is a Corporation, existing and doing business as Wilbert's [hereinafter "Wilbert's"] under the laws of the State of Ohio with its principal place of business being located in Cleveland, Ohio.

2. The Defendant, Auto Owners Insurance Company is a Michigan insurance company [hereinafter "Auto Owners"] with its principal place of business being located in Lansing, Michigan.

**JURISDICTION AND VENUE**

3. Jurisdiction in this Court is based upon diversity of citizenship principles, pursuant to Art. III, § 2 of the U.S. Constitution. Furthermore, the amount in controversy exceeds the statutory minimum for jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332.

4. Venue is proper in the U.S. District Court for the Northern District of Ohio, Eastern Division, because conduct that gave rise to the Plaintiff's claims herein occurred in Cuyahoga County, Ohio, which falls within the judicial district of the Eastern Division of The Northern District of Ohio.

## FACTUAL ALLEGATIONS

4. On September 25, 2019 and on September 20, 2020, as well as at all other times relevant, Plaintiff, was the owner and policyholder of a policy of a commercial insurance issued by the Defendant under Policy No. 134603-05426085-19. A copy of the Policy for policy year March 11, 2019 to March 11, 2020 [hereinafter the "2019 Policy"] is attached hereto as Exhibit A, and which provides coverage to the Plaintiff's structure and the contents of that structure located at 812 Huron Rd. East / Cleveland, OH 44115-1123 [hereinafter the "Premises"].

5. Plaintiff is not in possession of a copy the insurance policy for Policy year March 11, 2020 to March 11, 2021 [hereinafter the "2020 Policy"], but reasonably believes that Defendant is in possession of a copy of the 2020 Policy.

6. Upon information and belief, Plaintiff alleges that the terms and conditions of the 2020 Policy are substantially the same as those set forth in Exhibit A, the 2019 Policy.

7. At all times relevant, the Plaintiff paid its premiums to the Defendant during both policy years pursuant to the terms of each policy and the insurance coverage was in full force and effect on September 25, 2019 and on September 20, 2020

8. The Plaintiff's commercial insurance contract was to cover among other things, losses caused by fire and losses caused by water leaking or flowing from fire suppression equipment.

9. On or about September 25, 2019, a fire occurred at the Premises owned by the Plaintiff and the Premises sustained fire, smoke, and water damage, which permeated the Plaintiff's facility [hereinafter the "2019 Fire Loss"].

10. Following the fire, the Plaintiff timely submitted a claim and Proof of Loss to the Defendant for the loss.

11. The Defendant assigned Claim No. 300-0330102-2019 to the loss.

12. After doing little to adjust the Plaintiff's claim, since July of 2020, Defendant has made no effort to adjust a substantial portion of the claims and the losses of Plaintiff submitted to Defendant in its Proof of Loss dated January 7, 2020.

13. Acting contrary to Ohio law, the Defendant has denied a substantial portion of the Plaintiff's fire damage loss claim of September 25, 2019.

14. Defendant's failure to adjust the fire loss claim of Plaintiff proximally caused Plaintiff to sustain substantial business interruption losses, which Plaintiff would not have otherwise suffered.

15. Acting contrary to Ohio law, the Defendant has refused to negotiate in good faith denied a substantial portion of the Plaintiff's fire damage loss claim of September 25, 2019.

16. While Defendant continued to resist adjusting Plaintiff's fire loss, on or about September 20, 2020, a fire occurred in another tenant's offices, located above the Premises owned by the Plaintiff triggering the fire suppression sprinklers in that unit, which went undetected for a number of hours and Plaintiff's Premises sustained extensive water and flooding damage [hereinafter sometimes the "2020 Water Loss"].

17. Following the flooding of his Premises, the Plaintiff timely submitted a claim and Proof of Loss to the Defendant for the loss.

18. The Defendant assigned Claim No. 300-0332115-2020 to the loss.

19. Defendant has made no effort to adjust the claims and the losses of Plaintiff submitted to Defendant in its Proof of Loss dated November 20, 2020.

20. Acting contrary to Ohio law, the Defendant has denied the Plaintiff's water damage loss claim of September 20, 2020.

21. Defendant's failure to adjust the 2020 Water Loss claim of Plaintiff proximally caused Plaintiff to sustain substantial business interruption losses, which Plaintiff would not have otherwise suffered.

22. Acting contrary to Ohio law, the Defendant has refused to negotiate in good faith denied the Plaintiff's water damage loss claim of September 20, 2020.

23. Defendant has failed to adjust Plaintiff's 2019 Fire Loss and Plaintiff's 2020 Water Loss claims in good faith.

24. The Defendant's actions were contrary to Ohio law, and also constituted a breach of contract.

25. The Defendant's actions and breach were further done without any reasonable justification therefor. The Defendant had no reasonable basis to deny the Plaintiff coverage.

26. The Defendant further did not afford the Plaintiff a fair investigation and review of the claim.

27. The Defendant's handling and processing of both claims was done in bad faith, and the Defendant's denial of coverage was also done in bad faith.

28. The actions or omissions of the Defendant demonstrated malice or aggravated or egregious fraud, or in the alternative, the Defendant as principal or master knowingly authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate

malice or aggravated or egregious fraud.

## CLAIM NUMBER ONE
*(Breach of Contract)*

29. The Plaintiff hereby incorporates by reference each and every statement made in this Complaint, whether above or below, as if each statement is fully rewritten herein.

30. At all times relevant, a binding contract or agreement existed between the Plaintiff and the Defendant.

31. At all times relevant, the Plaintiff fully performed under its insurance contract with the Defendant by paying its premiums.

32. The Defendant breached the express terms of the Plaintiff's commercial insurance policy, because the Defendant denied coverage in a manner contrary to the express terms of the policy. The Defendant's denial of coverage was also contrary to Ohio law.

33. The Defendant's breach was without legal excuse.

34. Due to Defendant's conduct, Plaintiff has sustained substantial losses to the Premises and to the contents of the Premises.

35. In addition, Plaintiff has sustained a substantial interruption in its business operations and has incurred additional operating expenses as a result of the 2019 Fire Loss.

36. As a result of Defendant's unjustifiable conduct in denying Plaintiff's claim, Plaintiff's damages caused by the interruption of its business is continuing to increase.

37. As a further result of Defendant's unjustifiable conduct, the Premises has been exposed to the spread of mold and other fungi further damaging the value of Plaintiff's premises.

38. As a direct and proximate result of the Defendant's breach, the Plaintiff has sustained and suffered damages in an amount in excess of $500,000, which will later be proven at trial. As a result of this breach of contract, the Plaintiff is entitled to receive an award of direct, incidental,

and consequential damages.

## CLAIM NUMBER TWO
*(Breach of Implied Covenants of Good Faith and Fair Dealing)*

39. Implied in each contract of insurance in the State of Ohio are the covenants of good faith and fair dealing.

40. In its bad faith adjustment of Plaintiff's 2019 Fire Loss and Plaintiff's 2020 Water Loss, Defendant breached the implied covenants of good faith and fair dealing.

41. As a direct and proximate result of the Defendant's breach of the implied covenants of good faith and fair dealing, the Plaintiff has sustained and suffered damages in an amount in excess of $500,000, which will later be proven at trial. As a result of this breach of implied covenants of good faith and fair dealing, the Plaintiff is entitled to receive an award of direct, incidental, and consequential damages.

## CLAIM NUMBER THREE
*(Bad Faith Tort)*

42. The Plaintiff hereby incorporates by reference each and every statement made in this Complaint, whether above or below, as if each statement is fully rewritten herein.

43. Defendant had an implied affirmative duty to act in good faith in the handling and payment of its insured's claims.

44. The Defendant's breach of the Plaintiff's commercial insurance contract was contrary to the express terms of the policy and was also contrary to Ohio law.

45. The Defendant's breach of contract constituted bad faith because the Defendant failed to exercise good faith in the processing of the Plaintiff's claim and the refusal to pay the claim was not predicated upon circumstances that furnish reasonable justification therefor.

46. The Defendant's handling and processing of the Plaintiff's claim was done in bad faith.

47. The Defendant's investigation and inquiry into the Plaintiff's claim was done in bad faith.

48. The Defendant's refusal to pay the Plaintiff's claim was done in bad faith.

49. The Defendant's breach was without legal excuse.

50. Due to Defendant's conduct, Plaintiff has sustained substantial losses to the structure of the Premises and to the contents of the Premises.

51. In addition, Plaintiff has sustained a substantial interruption in its business operations and has incurred additional operating expenses as a result of both the 2019 Fire Loss and the 2020 Water Loss.

52. As a result of Defendant's unjustifiable conduct in denying Plaintiff's claim, Plaintiff's damages caused by the interruption of its business are continuing to increase.

53. As a further result of Defendant's unjustifiable conduct, upon information and belief, the Premises has been exposed to the spread of mold and other fungi further damaging the value of Plaintiff's property and contents.

54. The Defendant's breach of contract was done in bad faith, and this bad faith denial of the Plaintiff's claim displayed actual malice because the Defendant had a conscious disregard for the rights of the Plaintiff, and because this conscious disregard had a great probability of causing substantial harm to the Plaintiff.

55. The Defendant's bad faith directly and proximately caused the Plaintiff to suffer damages, which damages are in excess of $750,000.00, which is above and beyond the jurisdictional minimum, and which will later be proven at trial.

56. The Plaintiff is entitled to an award of punitive damages because of the Defendant's bad faith tortuous conduct.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment in its favor and against the Defendant on its claims for Breach of Contract, Breach of the Implied Covenants of Good Faith and Fair Dealing, and Bad Faith in the amount of $750,000.00, and requests an award of direct, incidental, and consequential damages, together with compensatory and punitive damages, all of which are in an amount in excess of the jurisdictional minimum, which will later be proven at trial, together with an award of attorney's fees, costs, and prejudgment and post-judgment interest, and for any other relief in law or equity that this honorable Court deems just and proper.

**JURY TRIAL DEMAND**

The Plaintiff further demands a trial by jury by the maximum number of jurors permitted by law on all issues so triable.

Dated: Brooklyn, New York
      January 19, 2020

Respectfully submitted,
SHIMKO LAW PC
*Attorneys for the Plaintiff(s)*

by: /s/ Daniel Shimko
Daniel Shimko
300 Cadman Plaza West
One Pierrepont Plaza, 12th Floor
Brooklyn, New York 11201
718-504-5533
dshimko@shimkolaw.com