IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BLUES TO YOU, INC. ) | Case No. 1:21-CV-165 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | |
| AUTO-OWNERS MUT. INS. CO., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the motion to bifurcate cases and stay discovery filed by Defendant, Auto-Owners (Mutual) Insurance Company. ECF Doc. 21. Plaintiff, Blues to You, Inc. dba Wilbert's, filed an opposition on July 14, 2021 (ECF Doc. 24), and defendant filed a reply. ECF Doc. 25. For the reasons stated below, the Court DENIES defendant's motion to bifurcate and stay discovery, without prejudice. Defendant may renew its motion to bifurcate the bad faith claim before trial.

**I.    Background**

Between September 2019 and July 2020, plaintiff's business sustained losses from two separate fires and resulting smoke and water damage. Plaintiff's property was insured by a commercial insurance policy issued by defendant, and plaintiff submitted timely claims related to its losses. ECF Doc. 1 at 3. Defendant denied portions of plaintiff's claims, and plaintiff has yet to reopen its business. On January 21, 2021, plaintiff filed a complaint asserting breach of

contract, breach of implied covenant of good faith and fair dealing, and a bad faith claim. Plaintiff seeks both compensatory and punitive damages. ECF Doc. 1.

On April 6, 2021, the Court adopted the parties' proposed litigation schedule, which establishes July 31, 2021 as the deadline for completing liability and damages discovery. ECF Doc. 13 at 2. On July 2, 2021, defendant filed the instant motion to bifurcate case and stay discovery relative to plaintiff's bad faith claim. ECF Doc. 21. Defendant cites authority requiring the bifurcation of punitive damages claims *at trial*, but does not explain how this would require a stay of discovery.

Defendant also argues that discovery should be stayed because portions of its claim file are privileged. But defendant has not explained why that would be a basis for staying discovery. Indeed, at the case management conference on April 5, 2021, defendant "agreed to produce [its] claim file with the exception of any privileged material, for which a privilege log would be provided." ECF Doc. 13. And defendant's reply indicates that it has provided the file and privilege log. ECF Doc. 25 at 4. This is not an overly complicated case and the Court sees no reason why plaintiff should not be permitted to conduct discovery on both its breach of contract claim and bad faith claim at the same time.

Defendant's reply argues that plaintiff must first establish the breach of contract claim before challenging the claimed privilege. But defendant does not cite case law requiring a stay of discovery on the bad faith claim. And (to the Court's knowledge) plaintiff has not even challenged defendant's claim of privilege. If plaintiff disagrees with the defendant's claims of privilege, the Court sees no reason to prevent plaintiff from raising that issue now. It is true that no trier of fact has determined that defendant breached the parties' contract, but that is certainly

2

plaintiff's claim.  Moreover, plaintiff has claimed that it has not been able to reopen its business, in part, because defendant is unwilling to pay the necessary costs.

Plaintiff filed an opposition to plaintiff's motion on July 14, 2021.  Plaintiff has no objection to a bifurcation of its bad faith claims at trial.  ECF Doc. 24 at 5.  However, plaintiff argues that defendant is not entitled to bifurcation and a stay of certain discovery.  Plaintiff also argues that the bifurcation of the bad faith claim during discovery will only create additional costs for plaintiff.  In this relatively straight-forward case, the Court agrees.

**II.    Law & Analysis**

Ohio Rev. Code § 2315.21(B) provides, in part:

> (1) In a tort action that is tried to a jury and in which a plaintiff makes a claim for compensatory damages and a claim for punitive or exemplary damages, upon the motion of any party, the trial of the tort action shall be bifurcated as follows:
>> (a) The initial stage of the trial shall relate only to the presentation of evidence, and a determination by the jury, with respect to whether the plaintiff is entitled to recover compensatory damages for the injury or loss to person or property from the defendant. During this stage, no party to the tort action shall present, and the court shall not permit a party to present, evidence that relates solely to the issue of whether the plaintiff is entitled to recover punitive or exemplary damages for the injury or loss to person or property from the defendant.
>
>> (b) If the jury determines in the initial stage of the trial that the plaintiff is entitled to recover compensatory damages for the injury or loss to person or property from the defendant, evidence may be presented in the second stage of the trial, and a determination by that jury shall be made, with respect to whether the plaintiff additionally is entitled to recover punitive or exemplary damages for the injury or loss to person or property from the defendant.

Plaintiff acknowledges this statute and does not oppose a request for a separate punitive damages trial.  However, neither this statute, nor Ohio R. Civ. P. 42(B), require that *discovery* be bifurcated or stayed.  Defendant has not cited any authority requiring the Court to stay discovery based on a later bifurcation of punitive damages at trial.

Defendant also contends that its claims file (relevant to the bad faith claim) may be protected, in part, by an attorney-client privilege. See Ohio Rev. Code § 2317.02(A)(2) and *Boone v. Vanliner Ins. Co.,* 91 Ohio St.3d 209, 2001 Ohio 27, 744 N.E.2d 154 (2001). But even if portions of defendant's claim file are privileged, it is not necessary for the Court to stay discovery on this issue. Defendant's privilege can be protected in other less expensive ways than requiring plaintiff to reconduct discovery if it prevails on its breach of contract claim at trial.

Moreover, Defendant hasn't argued any specific prejudice that will result from allowing discovery on the bad faith issue at this time. *See Pryor v. State Farm Mut. Auto. Ins., Co.,* No. 1:16-cv-312, 2017 U.S. Dist. LEXIS 9146 (S.D. Ohio Jan. 23, 2017); *Bondex Int'l, Inc. v. Hartford Accident & Indem. Co.,* No. 1:03-CV-1322, 2004 U.S. Dist. LEXIS 28795 at *14, n. 6 (N.D. Ohio Feb. 19, 2004); *Gaffney v. Federal Ins. Co.,* No. 5:08-CV-76, 2008 U.S. Dist. LEXIS 64450 at *5-6, (N.D. Ohio Aug. 21, 2008). And case law cited by defendant generally acknowledges that it is within the district court's *discretion* to permit discovery on the bad faith claim to proceed. *See Ferro Corp. v. Cont'l Cas. Co.,* No. 1:06CV1955, 2008 U.S. Dist. LEXIS 108010 at *23 (N.D. Ohio Jan. 7, 2008).

Here, defendant's counsel has produced its claims file with a privilege log. To date, plaintiff has not challenged defendant's claim of privilege. The Court sees no reason why this issue should be forestalled. It would likely cause additional expense for plaintiff to stay and bifurcate discovery on its separate claims. For these reasons, defendant's motion to stay discovery on plaintiff's bad faith claim is not well taken.

### III. Conclusion

For the foregoing reasons, the Court DENIES defendant's motion to bifurcate and stay discovery on plaintiff's bad faith claim. ECF Doc. 21. If defendant has not already settled this matter, it may renew its motion to bifurcate plaintiff's bad faith claim before trial.

IT IS SO ORDERED.

Dated: July 22, 2021

*s/Dan Aaron Polster*
United States District Judge
