IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BLUES TO YOU, INC., ) | Case No. 1:21-cv-0165 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE DAN AARON POLSTER |
| v. ) | |
| ) | |
| AUTO-OWNERS INS. CO., ) | **OPINION AND ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

**I.     Introduction**

This case involves an insurance dispute over the amount owed by Defendant Auto-Owners Ins. Co., ("Defendant") to its insured, Plaintiff Blues to You, Inc. ("Plaintiff"), for damages sustained to Plaintiff's property as a result of two separate fires. It is undisputed that Plaintiff's' property sustained damage and that this damage was, at least partially, covered by the applicable insurance policies. The parties' dispute centers on factual matters — the processing of Plaintiff's claims and the valuation of Plaintiff's damages. The parties have hired competing "adjusters" who both purport to have scrupulously calculated Plaintiff's damages and arrived at completely different numbers. *See* ECF Doc. 39-3. The parties have also submitted voluminous evidence demonstrating genuine disputes of material facts. For this reason, the Court DENIES both parties' motions for summary judgment. ECF Doc. 31 and ECF Doc. 45.

II.    **Statement of Facts**

Until September 2019, Plaintiff operated a bar and grill located at 812 Huron Rd., East, Cleveland, Ohio. In association with its business, Plaintiff purchased two policies from Defendant Auto-Owners Mutual Insurance Company ("Defendant"). The first policy, No. 134603-05426085-19, covered the period from March 11, 2019 to March 11, 2020, and the second policy, No. 134603-05426085-20, covered the period from March 11, 2020 to March 11, 2021. ECF Doc. 31-2 at 5, ECF Doc. 31-13, and ECF Doc. 45 at 7.

On September 25, 2019, a fire destroyed and/or caused smoke and water damage to Plaintiff's business property. Plaintiff reported the loss to Defendant the following day, September 26, 2019. Plaintiff submitted a Proof of Loss claim to Defendant under policy No. 134603-05426085-19, dated January 7, 2020 ("2019 Proof of Loss"). ECF Doc. 31-5. Plaintiff's public adjuster, Robert McEaneney, estimated the "Replacement Loss Value" to be $491,562.37.

On October 11, 2019, Defendant acknowledged coverage under the above policy and issued a payment to Plaintiff via two separate checks totaling $40,075.68. ECF Doc. 39-4. On December 19, 2019 Defendant issued a third check in the amount of $42,201.77. ECF Doc. 39-5. Thus, the total amount paid by Defendant on Plaintiff's first claim was $82,277.45.

On September 20, 2020, a second fire occurred — this time in the offices of Plaintiff's landlord directly above Plaintiff's premises. The fire activated the sprinklers in the landlord's offices, resulting in water and flooding damage to Plaintiff's premises below. Plaintiff submitted a second Proof of Loss claim to Defendant under policy No. 134603-05426085-20, dated November 9, 2020 ("2020 Proof of Loss"). ECF Doc. 31-13 and ECF Doc. 46-36. Plaintiff's

adjuster, Robert McEaneney, estimated the replacement cost for the second loss at $394,015.86. ECF Doc. 31-13 and ECF Doc. 46-36.

Before Defendant processed the second claim, Plaintiff filed this lawsuit. There appears to be no dispute concerning general coverage under the policies or that Plaintiff's premises sustained damages. But the parties disagree on the amount owed and whether portions of Plaintiff's property should be repaired, cleaned or replaced.

Despite the use of similar software and industry standard valuation algorithms to prepare estimates (ECF Doc. 31-5 and 13; ECF Doc. 31-8 and 9), the parties' estimates of the cost to repair and/or restore the premises to its full working condition are significantly different. To date, Defendant has paid a total of $82,277.45 for Plaintiff's 2019 Proof of Loss claim. ECF Doc. 45 at 9. Plaintiff claims its total sustained damages are close to one million dollars ($1,000,000). Defendant has not yet made a determination of loss valuation on Plaintiff's November 2020 Proof of Loss claim, in part, because it believes Plaintiff has duplicated some of its losses in both claims. ECF Doc. 45 at 9-14.

Plaintiff, on the other hand, denies any such duplication. ECF Doc. 48 at 2-4. Its adjuster, Robert McEaneney, has now broken down his estimate to show Plaintiff's losses both individually and aggregately, as follows:

| Component of Damage | 9/26/19 Loss | 9/20/20 Loss | Total |
|---|---|---|---|
| Business Interruption | $ 50, 000 | $ 40,000 | $ 90,000 |
| Food Loss | $ 10,000 | $ 0 | $ 10,000 |
| Kitchen & Equipment | $ 303,672 | $ 155,136 | $ 458,808 |
| Bar Area Structure | $ 0 | $ 114,743 | $ 114,743 |
| Bar Area Contents | $ 0 | $ 40,089 | $ 40,089 |
| Wood Flooring | $ 56,781 | $ 13,141 | $ 69,922 |
| Hall | $ 2,944 | $ 0 | $ 2,944 |
| Back Hall | $ 1,192 | $ 0 | $ 1,192 |
| Office | $ 1,152 | $ 0 | $ 1,152 |
| Men's Room | $ 14,137 | $ 0 | $ 14,137 |
| Store Room | $ 0 | $ 2,880 | $ 2,880 |

| | | | |
|---|---|---|---|
| HVAC | $ 56,530 | $ 46,711 | $ 103,241 |
| Misc. Exp. | $ 978 | $ 13,712 | $ 14,690 |
| **TOTAL** | **$ 497,386** | **$ 426,412** | **$ 923,798** |

ECF Doc. 48 at 3.

On January 21, 2021, Plaintiff filed a complaint for breach of contract (Claim Number One), breach of implied covenants of good faith and fair dealing (Claim Number Two), and bad faith (Claim Number Three). ECF Doc. 1. Defendant filed an answer on March 18, 2021 and asserted a barrage of "affirmative defenses."[1] ECF Doc. 7. Of those defenses, it appears that Defendant is abandoning the defenses stated in paragraphs 64, 67, 68, 69 and 71. ECF Doc. 39 at 9-13.

### III. Standard of Review

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986). As a result, "'[c]onclusory and unsupported allegations, rooted in speculation are insufficient to create a genuine dispute of material fact for trial." *Gunn v. Senior Servs of N. Ky.*, 632 F. App'x 839, 847 (6th Cir. 2015), citing *Bell v. Ohio St. Univ.*, 351 F.3d 240, 253 (6th Cir. 2003); see also Fed. R. Civ. P. 56 (e)(2). As the Supreme Court has explained, "[the non-moving party] must do more than simply show that there is metaphysical doubt as to the material facts." *Matsushita Elec., Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585 –86, 106 S.Ct. 1348, 89 L.Ed.2d 538

---

[1] It is questionable whether some of the remaining defenses are actually affirmative ones on which defendant would bear the burden of proof. Some of these "affirmative defenses" actually go to the elements of Plaintiff's claims. *See e.g.*, ECF Doc. 7 at ¶ 73.

(1986). As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

In determining whether genuine issues of material fact exist, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson,* 477 U.S. at 255. In addition, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of any genuine issue of material fact." *Celotex v. Catrett,* 477 U.S. 317, 323 –24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); see also Fed. R. Civ. P. 56(c), (e). However, when the moving party has met this initial burden of establishing the absence of any genuine issue of material fact, the nonmoving party must come forward with specific facts showing a genuine dispute of material fact for trial. Fed R. Civ. P. 56(c), (e). And unsupported, self-serving affidavits are insufficient to create an issue of fact sufficient to survive summary judgment. *Brooks v. American Broadcasting Companies*, 999 F.2d 167, 172 (6th Cir. 1993); *Wolfe v. Vill. of Brice, Ohio*, 37 F.Supp.2d 1021, 1026 (S.D. Ohio 1999).

IV.     **Law & Analysis**

    A.     **Plaintiff's Motion for Summary Judgment**

Plaintiff has moved for summary judgment on its breach of contract claim, its bad faith claim and all of Defendants' affirmative defenses.

        1.     **Breach of Contract Claim**

Plaintiff argues it is entitled to summary judgment on its breach of contract claim because it paid its premiums, its property was covered by Defendant's policies, and it sustained damages

5

to its property during the coverage period. Plaintiff identifies the following clause in the insurance policy as relevant to this claim:

> **Denial of and Good Faith Processing of Claims:**
>
> COMMERCIAL PROPERTY COVERAGE PART
>
> A. Paragraphs c. and g. of the Loss Payment Loss Condition are replaced by the following except as provided in Paragraph B:
> c. We will give you notice, within 21 days after we receive a properly executed proof of loss, that we;
> (1) Accept your claim;
> (2) Deny your claim; or
> (3) Need more time to investigate your claim. If we need more time to investigate you claim, we will provide an explanation for our need for more time. We will continue to notify you again in writing, at least every 45 days, of the status of the investigation and of the continued time needed for the investigation.

ECF Doc. 31-2 at 56. Plaintiff contends that Defendant breached the terms of the policy by failing to deny its claim(s), to request more time to investigate the claim(s), and/or to timely adjust the claim(s).

Defendant argues it *did* fulfill its contractual obligations by accepting and paying Plaintiff's first claim and informing Plaintiff that it would need additional time for review before a response could be provided to Plaintiffs' second claim. ECF Doc. 39 at 8-9. Defendant also argues that, even if Plaintiff could show that there has been undue delay with Plaintiff's second claim, Plaintiff has not shown any damages caused by this delay. And, because damages are a necessary element of the breach of contract claim, defendant contends summary judgment would be inappropriate. The Court agrees.

The issues identified in Plaintiff's motion for summary judgment on its breach of contract claim are factual in nature and highly disputed. The parties agree that Plaintiff paid insurance premiums, and that the parties were bound by the terms of the insurance policies. They do *not*

agree on their opponent's alleged performance under the policies and/or the amount owed to Plaintiff. Both sides have submitted evidence in support of their arguments. This evidence demonstrates, at a minimum, the existence of genuine issues of material fact on the essential elements of performance and damages. *See Lucarell v. Nationwide Mut. Ins. Co.,* 152 Ohio St.3d 453, 2018-Ohio-15, ¶ 41, 97 N.E.3d 458; *Jarupan v. Hanna,* 173 Ohio App.3d 284, 2007-Ohio-5081, ¶ 18, 878 N.E.2d 66. For example, Defendant contends Plaintiff did not submit accurate proofs of loss; Plaintiff argues Defendant did not properly adjust the claim. These are fact dependent issues for the trier of fact. Plaintiff is not entitled to summary judgment on its breach of contract claim.

### 2. Bad Faith

Plaintiff also argues it is entitled to summary judgment on its bad faith claim. In Ohio, an insurer has a duty to act in good faith in the handling of the claims of its insured. *Hoskins v. Aetna Life Ins. Co.* (1983). In *Zoppo v. Homestead Ins. Co.,* 71 Ohio St.3d 552, 1994-Ohio-461, 644 N.E.2d 397, the Ohio Supreme Court determined that an insurer "fails to exercise good faith in processing a claim of its insured, whereas refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification thereof. A lack of reasonable justification exists where an insurer refuses to pay a claim in an arbitrary or capricious manner." *See Horak v. Nationwide Ins. Co.,* 2007-Ohio-3744, *21 (9th Dist. July 25, 2007). Plaintiff contends Defendant has processed its claims in an arbitrary or capricious manner. Plaintiff has submitted evidence arguably showing Defendant has intentionally and unreasonably delayed paying Plaintiff's claims. ECF Doc. 31-45. Defendant argues otherwise and has submitted its own adjuster's affidavit. ECF Doc. 39-3. Based on these affidavits alone, there is no question that there are genuine disputes as to material facts regarding the bad faith claim.

7

### 3. Affirmative Defenses

Finally, Plaintiff contends it is entitled to summary judgment on Defendant's affirmative defenses. As noted above, Defendant appears to have abandoned some of these "affirmative defenses," as it should. As to the remaining "affirmative defenses," it is Plaintiff's burden to show that there is an absence of evidence to support Defendant's affirmative defenses. *See Tankersley v. Lynch,* No. 11-12847, 2012 U.S. Dist. LEXIS 27762 *33 (E.D. Mich. Mar. 2, 2012). To meet this burden, Plaintiff's motion for summary judgment stated, "the record is totally devoid of a single fact that would satisfy the elements of a single Affirmative Defense that Auto Owners has raised." ECF Doc. 31-1. Plaintiff provided no further argument or factual support. This blanket statement for all of Defendant's affirmative defenses is insufficient to meet Plaintiff's burden, and it is likely not true. Defendant has asserted every possible affirmative defense, including some of which this Court has never heard. It is unlikely that this case's robust record does not contain a *single* fact that might support one of those affirmative defenses. Because Plaintiff has not met its burden to show that there is an absence of evidence to support any of Defendant's affirmative defenses, it is not entitled to summary judgment on those defenses. However, Defendant is encouraged to proceed with only the affirmative defenses on which it will be able to produce evidence at trial.

### B. Defendant's Motion for Summary Judgment

Defendant filed a motion for summary judgment on November 1, 2021. ECF Doc. 45. Defendant contends it is entitled to summary judgment on all of Plaintiff's claims because: 1) Plaintiff made material misrepresentations regarding the value of its claim; 2) Plaintiff failed to mitigate; and 3) Plaintiff has failed to articulate facts supporting its bad faith claim. There are genuine disputes on each of these points and Defendant is not entitled to summary judgment.

8

1. **Misrepresentations**

Defendant argues that Plaintiff's adjuster, Robert McEaneney has misrepresented the value of Plaintiff's claims. Defendant argues that the following portion of the policy governs[2]:

**Misrepresentation or Fraud and Bad Faith Claims:**

COMMERICAL PROPERTY CONDITIONS
This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

A. CONCEALMENT, MISREPRESENTATION OR FRAUD

This coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1. This Coverage Part;
2. The Covered Property;
3. Your interest in the Covered Property; or
4. A claim under this Coverage Part.

ECF Doc. 39 at 10 and ECF Doc. 45 at 13.

But Plaintiff's adjuster, Mr. McEaneney, has submitted a detailed affidavit (ECF Doc. 31-45), and has further attempted to clarify his estimates in Plaintiff's filings. See ECF Doc. 48 at 3. Mr. McEaneney contends he has not made any such misrepresentations. As explained above, the competing adjuster's affidavits demonstrate that there exist genuine disputes of material fact on the valuation of Plaintiff's claims. Defendant has not shown, as a matter of law, that Plaintiff has made material misrepresentations in submitting its claims. Defendant is not entitled to summary judgment on this basis.

---

[2] Plaintiff contends Defendant cannot maintain a cause of action for fraud under Ohio law. ECF Doc. 48 at 5. This argument is misplaced. Rather than asserting a counterclaim for fraud against Plaintiff, Defendant is alleging misrepresentation and fraud as a bar to recovery under the terms of the governing insurance policy.

### 2. Mitigation of Damages

Similarly, Defendant has not shown that Plaintiff failed to mitigate its damages. Defendant argues that Plaintiff was required to mitigate its damages in very specific ways — by abating rent payments and/or allowing certain repairs to be made. But Defendant has not cited any authority requiring Plaintiff to mitigate in these specific ways. Plaintiff did take some mitigative steps when its property was initially damaged. Whether it should have also taken the specific mitigative steps proposed by Defendant is a question for the trier of fact. Defendant is not entitled to summary judgment on Plaintiff's claims on this basis.

### 3. Bad Faith/Take Two

Finally, the Court has already addressed Plaintiff's bad faith claim, and neither party is entitled to summary judgment on this claim. As stated above, the parties have both submitted affidavits from adjusters potentially supporting or disproving the elements of Plaintiff's bad faith claim. ECF Doc. 31-45; ECF Doc. 39-3. There are genuine disputes of material facts regarding the bad faith claim and Defendant is not entitled to summary judgment on it.

## V. Conclusion

Because there are genuine disputes of material fact on the essential elements of Plaintiff's claims and Plaintiff has failed to demonstrate an absence of factual support on Defendant's affirmative defenses, the Court DENIES the parties' cross-motions for summary judgment. ECF Doc. 31 and ECF Doc. 45.

The parties have consented to the Magistrate Judge presiding over this case. Accordingly, this matter is transferred to the docket of Magistrate Judge Parker for further disposition.

IT IS SO ORDERED.

Dated: November 18, 2021

                                                          *s/Dan Aaron Polster*
                                                          United States District Judge